UNITED STATES v. RAILWAY EXPRESS AGENCY, INC.

**No. 5826.**—Invoice dated Havana, Cuba, August 24, 1942.
Entered at Port Everglades, Fla., September 1, 1942.
Entry No. H–41.

(Decided February 15, 1943)

*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney),
for the plaintiff.

Defendant not represented by counsel.

COLE, Judge: This appeal to reappraisement brings for determination the proper dutiable values of certain spices, described on the invoice as "La Espiga de Teresita" and "Bijol," which were exported from Havana, Cuba, and imported at Port Everglades, Fla.

The merchandise was entered at the invoice values which were accepted by the appraiser as being the proper dutiable export values. Subsequent to appraisement, analyses were made of both brands which revealed that each contained a coal-tar product, thereby requiring the merchandise to be classified under paragraph 28 of the Tariff Act of 1930, which provides, in subdivision (c) thereof, that appraisement of such merchandise shall be on the basis of American selling price or United States value, as defined in section 402 (g) and 402 (e), respectively. The collector of customs at Tampa thereupon filed an appeal to reappraisement, claiming a dutiable value based upon the provisions of said paragraph 28.

At the hearing in Miami on January 27, 1943, the parties submitted the case on a stipulation wherein it is agreed that the spices in question contain a coal-tar product; that no domestic competitive article containing a coal-tar product was purchased or sold in this country at the time of exportation of the instant merchandise; that in August 1942, when the commodities under consideration were exported, there was freely offered for sale to all purchasers in the usual wholesale quantities, in the ordinary course of trade, in the principal market of Tampa, Fla., previously imported prototype merchandise at a price of $1.25 a box. Deducting the statutory allowances set forth in section 402 (e), the United States value is found to be $0.83 per box of 100 packets for each brand, as represented by the samples in evidence, illustrative exhibits A and B.

Acquiescing in this agreement, the court holds United States value, as defined in section 402 (e) of the Tariff Act of 1930, to be the proper basis for appraisement of the spices in question, and that such value for each of the two kinds is $0.83 per box. Judgment will be rendered accordingly.